UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KATHERINE MITCHELL,

    Plaintiff,                                            Case No. 3:14-cv-198

vs.

CITY OF DAYTON, *et al.*,                  District Judge Walter H. Rice
                                                                 Magistrate Judge Michael J. Newman

    Defendants.

## REPORT AND RECOMMENDATION[1] THAT THIS CASE: (1) BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE; AND (2) TERMINATED ON THE COURT'S DOCKET

        This civil case is before the Court following an Order to Show Cause -- dated September 8, 2015 -- that directed *pro se* Plaintiff to show cause as to why this case should not be dismissed for failing to: (1) participate in a duly scheduled status conference on September 3, 2015; (2) comply with a Court Order directing her to provide updated contact information to the Court and opposing counsel; (3) respond to written discovery requests served on her by Defendants;[2] and (4) respond to Defendants' motion to compel discovery.  Doc. 14.  Plaintiff did not file any response to the Show Cause Order, and the time for doing so has expired.

        The Court may dismiss an action pursuant to Rule 37(b)(2) when "a party . . . fails to . . . provide or permit discovery[.]"  Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Mooney v. Cent. Motor Lines, Inc.*, 222 F.2d 569, 571-72 (6th Cir. 1955).  Likewise, Rule 41(b) authorizes the Court to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Defendants, as ordered by the Court, filed a supplement to their motion to compel, which was supported by an affidavit of counsel, stating that, as of September 8, 2015, Plaintiff has failed to respond to written discovery requests.  Doc. 15 at PageID 203-04; doc. 15-1 at PageID 206.

dismiss a case if plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997). Courts possess "substantial discretion" in determining whether dismissal is an appropriate sanction. *Vance v. Sec'y, U.S. Dep't of Veterans Affairs*, 289 F.R.D. 254, 256 (S.D. Ohio 2013).

Here, *pro se* Plaintiff has been given ample opportunity to appear and prosecute this case and has been notified on a number of occasions that failure to comply with Court Orders and to participate in this litigation could result in dismissal. *See* doc. 12 at PageID 199; doc. 13 at PageID 200; doc. 14 at PageID 201-02.  Despite such repeated notices, *pro se* Plaintiff has failed to comply with Court Orders, failed to participate in status conferences, and also failed to respond to duly served discovery requests.  The Court recognizes the Plaintiff is proceeding *pro se*; however, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Based on all of the foregoing, the undersigned **RECOMMENDS** that: (1) Plaintiff's complaint (doc. 3) be **DISMISSED**; and (2) this case be **TERMINATED** on the Court's docket. The Clerk of Court is **ORDERED** to promptly serve this Report and Recommendation on Plaintiff at 35 Illinois Avenue, Dayton, Ohio 45410.


Date:   September 21, 2015                     *s/ Michael J. Newman*
                                               Michael J. Newman
                                               United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).